WILLIAM McCRAW,
ATTORNEY GENERAL

SCOTT GAINES,
FIRST ASSISTANT

RUTH MYERS,
CHIEF CLERK

ASSISTANTS

JOE J. ALSUP
VICTOR W. BOULDIN
J. M. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. D. DUKE
WM. MADDEN HILL
W. J. (BUCK) HOLT
W. J. KEMP
C. M. KENNEDY
LEONARD KING
GEORGE P. KIRKPATRICK
SAM LANE

JOHN McKAY
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
HENRY S. MOORE
T. F. (TED) MONROW
JAMES K. NEFF
PAT M. NEFF, JR.
PHIL OVERTON
J. W. PEAVY
HARRY S. POLLARD
W. B. POPE
RUSSELL RENFRO
TOM D. ROWELL
CHARLES RUTTA
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
ALBERT WALKER
CHARLES B. WALKER
H. A. WILLIFORD



## OFFICE OF THE ATTORNEY GENERAL

### AUSTIN

January 11, 1939

Mr. Robert F. Peden, Jr.
County Attorney
Matagorda County
Bay City, Texas

Dear Sir:

Opinion No. O-47
Re: County Hospitals

Your letter of January 5, 1939, to this department in which you request an opinion of the following questions has been referred to the writer for attention. The questions submitted by you are:

"1. Can Matagorda County participate in the construction of a public charitable hospital where the title thereto is held by five or more trustees for the use and benefit of Matagorda County, such hospital to be operated in the nature of a public non-profit and charitable hospital?

"2. If your answer to the above question is affirmative, then can the County issue deficiency warrants to be retired out of the Permanent Improvement Fund of the County to the extent of Twenty Thousand Dollars ($20,000.00), for such purpose?"

Article 4478 of the Revised Civil Statutes of 1925, is as follows:

"The Commissioners Court of any county shall have power to establish a county hospital and to enlarge any existing hospitals for the care and treatment of persons suffering from any illness, disease or injury, subject to the provisions

of this chapter. At intervals of not
less than twelve months, ten per cent
of the qualified property tax paying
voters of a county may petition such
court to provide for the establishing
or enlarging of a county hospital, in
which event said court within the time
designated in such petition shall submit
to such voters at a special or regular
election the proposition of issuing bonds
in such aggregate amount as may be desig-
nated in said petition for the establishing
or enlarging of such hospital. Whenever any
such proposition shall receive a majority of
the votes of the qualified property tax
payers voting at such election, said commiss-
ioners court shall establish and maintain
such hospital and shall have the following
powers:

"1. To purchase and lease real pro-
perty therefor, or acquire such real pro-
perty, and easements therein, by condemnation
proceedings.

"2. To purchase or erect all necessary
buildings, make all necessary improvements
and repairs and alter any existing buildings,
for the use of said hospital. The plans for such
erection, alteration, or repair shall first be
approved by the State Health Officer, if his
approval is requested by the said commissioners
court.

"3. To cause to be assessed, levied and
collected, such taxes upon the real and personal
property owned in the county as it shall deem
necessary to provide the funds for the main-
tenance thereof, and for all other necessary
expenditures therefor.

"4. To issue county bonds to provide
funds for the establishing, enlarging and
equipping of said hospital and for all other
necessary permanent improvements in connection

therewith; to do all other things that may be required by law in order to render said bonds valid.

"5. To appoint a board of managers for said hospital.

"6. To accept and hold in trust for the county, any grant or devise of land, or any gift or bequest of money or other personal property or any donation to be applied, principal or income or both, for the benefit of said hospital, and apply the same in accordance with the terms of the gift. (Acts 1913, P. 71)"

The above statute is the only statutory authority of a Commissioners' Court of a county to build hospitals for the care and treatment of persons suffering from illness and disease, except Article 4492, Revised Civil Statutes of 1925, under which Article you advise that your county cannot qualify.

Your attention is called to that portion of Article 4478 reading as follows:

"Whenever any such proposition shall receive a majority of the votes of the qualified property tax payers voting at such election, said commissioners court shall establish and maintain such hospital and shall have the following powers:"

After such words appears numerically the sixth paragraph, as is hereinbefore set out. The sixth paragraph is:

"To accept and hold in trust for the county, any grant or devise of land, or any gift or bequest of money or other personal property or any donation to be applied, principal or income or both, for the benefit of said hospital, and apply the same in accordance with the terms of the gift."

The language of the Article clearly and un-equivocally provides that the commissioners' court shall:

> "Hold in trust for the county, any grant or devise of land, or any gift or bequest of money or other personal property of any donation to be applied...."

It has long been announced in Texas that commissioners courts are courts of limited jurisdiction without any powers except such as are expressly conferred. El Paso vs. Elam, 106 SW 2nd, 393; Howard vs. Henderson County, 116 SW 2nd 479; Hill County vs. Bryant and Huffman, 264 SW 520; Commissioners' Court vs. Wallace, 15 SW 2nd 535.

In the last case cited in support of this proposition Judge Pierson, speaking for the Supreme Court, approved and confirmed the holding of the Court of Civil Appeals on this proposition, reported in 281 SW 573. In the Court of Civil Appeals case, Judge Barcus of the Waco Court said:

> "The Commissioners' Court is a creature of the state Constitution and its powers are limited and controlled by the Constitution and the laws as passed by the Legislature."

The failure of the Constitution to prohibit counties from issuing bonds for construction and maintenance of hospital left open to the Legislature the power to establish such hospitals. The Legislature has exercised this power by the enactment of the hereinbefore quoted Article 4478. The Commissioners' Court, having no power except that specially conferred by the Constitution and statutes passed pursuant thereto, would have no power to enter into any contract for the building and maintenance of a hospital, the title to which would be held in any manner contrary to the principal provisions of Article 4478.

You are respectfully advised that in the opinion of this department, the first question propounded

by you and hereinbefore set out must be answered in the negative. Having so answered the first question, it is unnecessary to dispose of the second question.

Trusting that the foregoing answers your inquiry, I am

Yours respectfully

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong

Assistant

LA:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS